**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

  v.

MERRICK PARK LLC, a Foreign Limited Liability Company, ZAHRKO ENTERPRISES INC., a Florida Corporation, NORDSTROM, INC., a Foreign Corporation, and THE NEIMAN-MARCUS GROUP, LLC, a Foreign Limited Liability Company.

    Defendant.
_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues MERRICK PARK LLC, ZAHRKO ENTERPRISES INC., NORDSTROM, INC., and THE NEIMAN-MARCUS GROUP, LLC (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

    1.    This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

    2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

    3.    Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over

eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise sui juris.

4.  At all times material, Defendant, MERRICK PARK LLC, was and is a Foreign Limited Liability Company, with its principal place of business, agents, officers and/or offices in Chicago, Illinois and conducting a significant amount of business in Coral Gables, Florida.

5.  At all times material, Defendant, MERRICK PARK LLC, has a ground lease and operated a set of commercial buildings constituting a mall located at the following commercial building addresses: 350 San Lorenzo Avenue; 358 San Lorenzo Avenue; 4250-4251 Salzedo Street; 4310 Ponce de Leon Blvd; 4425 Ponce de Leon Blvd, Coral Gables, Florida. (collectively the "commercial property")[1]. Defendant holds itself out to the public as "the Shops at Merrick Park."

6.  At all times material, Defendant, ZAHRKO ENTERPRISES INC., owned and operated a commercial restaurant at 360 San Lorenzo Avenue, Suite 1500, Coral Gables, Florida 33146[2] (hereinafter the "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Coral Gables, Florida.

7.  At all times material, Defendant, ZAHRKO ENTERPRISES INC., was and is a Florida Corporation, organized under the laws of Florida with its principal place of business in Coral Gables, Florida. Defendant, ZAHRKO ENTERPRISES INC., holds itself out to the public as "Sawa."

8.  At all times material, Defendant, NORDSTROM, INC., owned and operated a

---

[1] The buildings are adjacent to one another and share common areas including walkways, signage and parking. Business invitees traverse the property and cross property lines without any indication of them sitting upon separate parcels as they visit the various tenants located on the properties and the buildings and built-up common areas of the Mall are each owned by the Defendant, MERRICK PARK, LLC, and operated together as shopping center. The land parcels that the Defendant's buildings sit upon are leased by the Defendant and the parcels share one common owner for the land itself, however, the actual place of public accommodation, more specifically the "Shops at Merrick Park" are controlled and operated by the Defendant.
[2] This address is located within Defendant's, MERRICK PARK, LLC, commercial shopping plaza listed above.

2

commercial retail business at 4310 Ponce de Leon Boulevard, Coral Gables, Florida 33146[3] (hereinafter the "commercial clothing store") and conducted a substantial amount of business in that place of public accommodation in Coral Gables, Florida.

9. At all times material, Defendant, NORDSTROM, INC., was and is Foreign Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Coral Gables, Florida. Defendant, NORDSTROM, INC., holds itself out to the public as "Nordstrom."

10. At all times material, Defendant, THE NEIMAN-MARCUS GROUP, LLC, owned and operated a commercial retail business at 390 San Lorenzo Avenue, Coral Gables, Florida 33146[4] (hereinafter the "commercial clothing store") and conducted a substantial amount of business in that place of public accommodation in Coral Gables, Florida.

11. At all times material, Defendant, THE NEIMAN-MARCUS GROUP, LLC, was and is a Foreign Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Coral Gables, Florida. Defendant, THE NEIMAN-MARCUS GROUP, LLC, holds itself out to the public as "Neiman Marcus."

12. Venue is properly located in the Southern District of Florida because Defendants' commercial property, shopping center and businesses that are the subject of this Action, are all located in Miami-Dade County, Florida, and Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida at the commercial property.

FACTUAL ALLEGATIONS

---

[3] This address is located within Defendant's, MERRICK PARK, LLC, commercial shopping plaza listed above.
[4] This address is located within Defendant's, MERRICK PARK, LLC, commercial shopping plaza listed above.

13. Although over thirty-two (32) years have passed since the effective date of Title III of the ADA and there are prior ADA lawsuits filed against this Mall and commercial property, Defendants has yet to make their places of public accommodation accessible to individuals with disabilities.

14. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the businesses therein.

15. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

16. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

17. Defendants, owns and operates the places of public accommodation all of which are located together in the same mall located in Coral Gables, Florida that are the subject of this Action.

18. The subject commercial property and the businesses located therein are open to the public, and Defendant, MERRICK PARK LLC's, commercial mall itself contains a myriad of

different businesses that each (including Co-Defendants ZAHRKO ENTERPRISES INC., NORDSTROM, INC., and THE NEIMAN-MARCUS GROUP, LLC) pay Defendant, MERRICK PARK LLC, rent and are all located in Coral Gables, Florida.

19. The individual Plaintiff frequently visits the subject Commercial Property and tenant businesses (including the related parking lots and common areas) to include visits on or about July 24, 2024 and July 26, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property and businesses therein listed in this Complaint as Defendants. He often visits the Commercial Property and businesses therein, when he is in the area visiting family and friends that reside nearby, and has definite plans to return to the commercial property within two (2) months of the filing of this Complaint in order to avail himself of the goods and services offered to the public at the commercial property, if it becomes accessible.

20. Plaintiff visited the subject commercial property and businesses located therein as a patron/customer and intends to return to the commercial property in order to avail himself of the goods and services offered to the public at the commercial property. Plaintiff resides near the Commercial Property, approximately eleven (11) miles from the Commercial Property, in the same state and the same county as the Commercial Property, regularly frequents the Defendants' commercial property, restaurant and clothing stores for its intended purposes, and intends to return to the Commercial Property within two (2) months' time.

21. The Plaintiff found the commercial property, restaurant and clothing stores to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject property and Defendants' businesses and wishes to continue his patronage and use of the commercial property and the restaurant and clothing stores businesses therein.

5

22. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA, at the commercial property, restaurant and clothing stores. The barriers to access at Defendants' commercial property, restaurant and clothing stores have each denied or diminished Plaintiff's ability to visit the commercial property and listed restaurant and clothing store businesses therein and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

23. Defendants own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation (the buildings and business property that is the subject of this Action for their violations of the ADA) that Defendants each owns and/or operate, businesses in the commercial property referenced above or the mall itself as a commercial enterprise.

24. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property, restaurant and clothing stores, including, but not necessarily limited to the allegations in Paragraphs 26-33 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the commercial property not only to avail himself of the goods and services available at the commercial property, but to also assure himself that this commercial property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

25. Defendants have each individually and together discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties and the businesses thereon, in a manner prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS
## AS TO MERRICK PARK LLC

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27. Defendant, MERRICK PARK LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking

   i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Entrance Access and Path of Travel (common areas).

   i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and

   accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

ii.  The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose

      resolution is readily achievable.

C. <u>Access to Goods and Services (common areas).</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

D. <u>Public Restrooms (common areas).</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not use the lavatory outside the accessible toilet compartment without assistance, as the required knee clearance is not provided. Violation: There are lavatories outside the accessible toilet compartment that don't provide the required clearances violating Section 4.19.2 & Figure 31 of the ADAAG and Sections 213.3.4, 306.3, & 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not exit the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully insulated or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    x.    The Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    xi.    The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    xii.    The Plaintiff had difficulty opening the restroom door without assistance, as the door pressure to open the door is excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II - ADA VIOLATIONS
## AS TO MERRICK PARK LLC AND ZAHRKO ENTERPRISES, INC. (SAWA)

28.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

29.    Defendants, MERRICK PARK LLC and ZAHRKO ENTERPRISES, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within,

include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Public Restrooms</u>

i. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The Plaintiff could not use the lavatories outside the accessible toilet compartment without assistance, as they are mounted too high and the pipes are not fully wrapped. Violation: There are lavatories outside accessible toilet compartments in public restrooms with the counter surfaces mounted too high and pipes that are not properly insulated, violating the requirements in Sections 4.19.2, 4.19.4, and Figure 31 of the ADAAG and Sections 213.3.4. 606.3, & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT III – ADA VIOLATIONS
## AS TO MERRICK PARK LLC, INC and NORDSTROM, INC, LLC.

30. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

31. Defendants, MERRICK PARK LLC and NORDSTROM, INC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A. <u>Public Restrooms</u>

i. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The Plaintiff had difficulty using the elevator without assistance, as the hall call buttons are obstructed by a trashcan. Violation: The elevator hall call buttons have objects that are mounted below them, violating Section 4.10.3 of the ADAAG and Sections 305.3 & 407.2.1.3 of the 2010 ADA Standards, whose resolution is readily achievable.

14

  ii.  There are objects on the path of travel that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IV – ADA VIOLATIONS**
**AS TO MERRICK PARK LLC AND THE NEIMAN-MARCUS GROUP, LLC**

  32.  The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

  33.  Defendants, MERRICK PARK LLC and THE NEIMAN-MARCUS GROUP, LLC have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, _inter alia_, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

 A. <u>Entrance Access and Path of Travel</u>

  i.  The plaintiff could not traverse through areas of the store, as the required 36" path isn't provided due to objects that obstruct the path of travel. Violation: There isn't a continuous path of travel connecting all essential elements of the store, in violation of Sections 4.2.1 & 4.3.3 of the ADAAG, 28 CFR 36.211, and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

 B. <u>Access to Goods and Services</u>

  i.  There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii.  There is seating provided at the facility that does not comply with the standards

      prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

C. <u>Public Restrooms</u>

   i. The plaintiff could not exit the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

   iii. The plaintiff could not transfer to the toilet without assistance, as the grab bars are not mounted at the required height. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   iv. The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

34. The discriminatory violations described in Paragraphs 26-33 are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial property and the restaurant and clothing stores businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

35. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, the restaurant and clothing store businesses and facilities therein; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

36. The Defendants each owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The Defendants are each and all responsible for complying with the obligations of the ADA.

37. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

38.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39.     A Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and those similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

40.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

41.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to alter the Commercial Property owned and operated by the Defendant, located in Coral Gables, Florida, the interiors, exterior areas, and the common exterior areas of the property and businesses therein to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 30, 2024

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Coral Gables, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com

By: ___/s/ Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451